|  |  |  |
|---|---|---|
| ALOKE CHAUDHURI<br>6698 Setters Run<br>Victor, New York 14564,<br><br>   Plaintiff,<br><br>v.<br><br>REKOR SYSTEMS, INC., a Delaware Corporation<br>6721 Columbia Gateway Drive, Suite 400<br>Columbia, Maryland 21046<br>SERVE:<br>Registered Agent: LegalInc Corporate Services, Inc.<br>5425 Wisconsin Avenue, Suite 600 #647<br>Chevy Chase, Maryland 20815<br><br>DAVID P. DESHARNAIS,<br>1643 Bandit Loop<br>Reston, Virginia 20190,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 23-cv-1466 |

## AMENDED COMPLAINT

Comes now, Plaintiff Aloke Chaudhuri (hereinafter "Mr. Chaudhuri" or "Plaintiff"), by and through his counsel, Eric L. Siegel of Kalbian Hagerty LLP, and hereby files this action against Defendant Rekor Systems, Inc. (hereinafter "Rekor") and David P. Desharnais, its President ("Desharnais") (collectively "Defendants"), and for cause states:

### INTRODUCTION

1. This lawsuit involves Defendant's failure and/or refusal to pay Plaintiff all unpaid "wages" owed to him, including but not limited to the $25,808.82 annual bonus Plaintiff earned as of January 2023 for his 2022 job performance upon the termination of his employment with Rekor on or about March 10, 2023. Defendant has also failed to pay Plaintiff his

accrued paid time off in the amount of approximately 130 hours, or 16.25 days, which equates to $16,250.00 (at $1,000.00 per day of salary over 3.25 weeks of accrued vacation pay prorated over the period of employment). The failure to pay his bonus and paid time off constitutes a violation of the Maryland Wage Payment and Collection Law ("MWCPL"), Md. Code. Ann., Lab. & Empl. § 3-501 *et seq*. This lawsuit also brings forth a claim for breach of contract against Defendant Rekor.

## JURISDICTION AND VENUE

2.   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

3.   Venue is proper under 28 U.S.C. §§ 1391(b) because a substantial part of the decisions and/or events giving rise to Plaintiff's claims occurred in this District, Plaintiff was interviewed, hired and onboarded by employees of Rekor who work in Maryland, Defendant's main office is located in Columbia, Maryland, and it does business in the State of Maryland.

## THE PARTIES

4.   Plaintiff Aloke Chaudhuri is a New York resident with his principal place of residence at 6698 Setters Run, Victor, New York 14564.

5.   Defendant Rekor Systems, Inc. is a Delaware corporation. At all relevant times, Defendant's principal place of business is located at 6721 Columbia Gateway Drive, Suite 400, Columbia, MD 21046, and it has done and continues to do business in the State of Maryland. Rekor Systems, Inc. was incorporated on or about February 6, 2017.

6.   Defendant David Philip Desharnais is a Virginia resident who resides at 1643 Bandit Loop, Reston, Virginia 20190.

## STATEMENT OF FACTS COMMON TO ALL CLAIMS

7.  On or around April 18, 2022, Mr. Chaudhuri signed and accepted an offer letter to begin working for Rekor as its Vice President of Product Management, reporting to Rekor's President David Desharnais.

8.  Under the accepted employment offer letter, Mr. Chaudhuri was to earn an annual base salary of $260,000.00, an annual bonus up to thirty-five (35) percent of the base salary, and 15,000 in stock shares to be vested over three (3) years.

9.  Regarding the bonus, the accepted offer expressly stated: "Upon termination of your employment for any reason, you will be entitled to any earned but unpaid base salary, *any bonus approved prior to termination*, reimbursement for unreimbursed expenses incurred by you prior to termination, as well as your vested stock and stock options." (Emphasis added.)

10. On May 18, 2022, Mr. Chaudhuri officially began working for Defendant. Mr. Chaudhuri worked remotely while residing in the State of New York and came to Defendant's principal office in Columbia, Maryland to attend meetings.

11. Defendant's core business since 2018 has been with Artificial Intelligence ("AI") based license plate recognition and vehicle identification captured by video on devices deployed at the edge of the network ("edge devices").

12. During his tenure with Defendant, Mr. Chaudhuri traveled to Defendant's headquarters in Maryland on three occasions in May 2022, January 2023 and February 2023, respectively.

13. In addition, Exhibit A to Mr. Chaudhuri's offer letter attaches a Proprietary Rights Agreement, which expressly states that Maryland law shall govern its application and interpretation.

**Mr. Chaudhuri Was Approved to Receive an Annual Bonus of $25,808.82**

14. On January 15, 2023, Mr. Desharnais affirmed in an email that Mr. Chaudhuri was approved to receive a bonus of $25,808.82 which was to be disbursed on March 31, 2023.

**Mr. Chaudhuri was Terminated Abruptly for Financial Reasons**

15. On or about March 10, 2023, Mr. Chaudhuri received an abrupt notice that his employment was terminated due to financial reasons as part of a reduction in force.

16. Upon facing termination, Defendant's Chief People Officer in charge of the Human Resources Department told Mr. Chaudhuri that he was not eligible to receive his approved bonus of $25,808.82 because he was terminated before the bonus was to be paid out. In addition, she declined to give any vacation pay to Mr. Chaudhuri at the time of his termination.

17. This differs from what is stated in the employment offer Mr. Chaudhuri accepted which stated that he was eligible to receive approved bonuses upon termination for any reason.

18. In addition, for the duration of his employment from May 18, 2022 until March 10, 2023, Mr. Chaudhuri worked approximately 42 weeks, or 21 bi-weekly pay periods.

19. Per Defendant's paid time off policy applied to executives, Mr. Chaudhuri would accrue 6.15 hours per pay period.

20. At 6.15 hours accrued per pay period, Mr. Chaudhuri accrued approximately 130 hours of paid time off, or 16.25 days, prior to his termination, for which he was not paid.

21. Mr. Chaudhuri's salary compensation was approximately $1,000.00 per day. Accordingly, Defendant failed to pay Mr. Chaudhuri $16,250.00 in unpaid paid time off that he earned during his employment.

**COUNT I: VIOLATION OF MWPCL FOR FAILURE TO PAY
PLAINTIFF'S UNPAID BONUS AND PAID TIME OFF
AGAINST DEFENDANTS REKOR AND DESHARNAIS**

22.    Plaintiff Aloke Chaudhuri realleges and incorporates by reference paragraphs 1 through 21
       as if fully set forth herein.

23.    Plaintiff's employment contract is governed by Maryland law.

24.    Defendant Rekor operates out of Maryland, including its payroll activities.

25.    Plaintiff's payment of wages was administered from Defendant Rekor and Desharnais'
       office in Maryland.

26.    During his approximately ten (10) months of employment with Defendant Rekor, Plaintiff
       attended at least three (3) meetings at Defendant's headquarters in Maryland, making the
       MWPCL applicable to his wage claim. *Hausfeld v. Love Funding Corpo.*, 131 F.Supp.3d
       443, 447 (D. Md. 2015).

27.    "The threshold for establishing employment in Maryland under the MWPCL is relatively
       low." *Hausfeld*, 131 F.Supp.3d at 455.

28.    The MWPCL "was passed not just to benefit Maryland employees, but also to ensure that
       Maryland employers pay their employees what they are owed." *Roley v. Nat'l Prof'l Exch.,
       Inc.*, 474 F. Supp. 3d 708, 719 (D. Md. 2020) (*citing Cunningham v. Feinberg*, 441 Md.
       310, 348 (Md. 2014).

29.    The Maryland legislature has held that "Maryland is willing generally to allow itself to be
       used as a forum by workers seeking recovery of their wage claims[.]" *Cunningham*, 441
       Md. at 349.

30.    Further, this Court has held that an out-of-state employee working for a Maryland-based
       company who made only several work trips to Maryland provided "more than a sufficient

basis to permit the application of the MWPCL." *Roley*, 474 F. Supp. 3d at 720 (internal citations omitted).

31.    The Maryland Wage Payment and Collection Law ("MWPCL") requires that "… [E]ach employer *shall* pay an employee … all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated." (Emphasis added). Md. Code Ann., Lab. & Empl. § 3-505(a).

32.    Defendants Rekor and Desharnias are employers under the MWPCL, as "employer" is broadly defined as "any person who employs an individual in the State …." Md. Code Ann., Lab. & Empl. § 3-501(b); *See Pinnacle Grp. V. Kelly*, 2107 Md. App. LEXIS 1182, *40-45 (Md. Ct. Sp. App., Nov. 27, 2017) (finding officer of company jointly and severally liable as "employer" for unpaid wages based on totality of circumstances).

33.    Under the MWPCL, a bonus and accrued paid leave constitute wages. *See* Md. Code. Ann., Lab. & Empl. § 3-501(c)(2) ("'Wage' includes: (i) a *bonus*; (ii) a commission; (iii) a fringe benefit; (iv) overtime wages; or (v) any other remuneration promised for service." (Emphasis added).

34.    Defendant failed to pay Plaintiff wages due for work he performed for Defendant and earned, including his bonus of $25,808.82 and paid time off in the amount of $32,500.00, in violation of the MWPCL, Md. Code Ann., Lab. & Empl. § 3-505(a).

35.    Defendant did not act in good faith by knowingly refusing to pay Plaintiff owed wages to this day, in violation of the MWPCL, Md. Code Ann., Lab. & Empl. § 3-507.2(a).

36.    Defendant's failure to pay Plaintiff wages owed was willful due to its decision to not pay unpaid wages to similarly situated employees who were allegedly "laid off" during the

same time that Plaintiff's employment was terminated.

37. Upon information and belief, from two years prior to Plaintiff's employment through the present time, other employees of Defendant have been denied their earned wages, which they were entitled to receive upon their separation of employment.

38. Defendant's violation of the MWPCL was not the result of a *bona fide* dispute under the MWPCL, particularly in light of the express language of Plaintiff's employment offer letter, and the violation was willful. Plaintiff, through his counsel, sent a letter to Defendant on March 20, 2023, asking them to pay his earned bonus, but Rekor steadfastly refused to pay anything.

39. By withholding Plaintiff's wages in violation of the MWPCL, Defendant is liable for up to three (3) times the unpaid wages, as well as costs and reasonable attorneys' fees incurred in the maintenance of this action, pursuant to Md. Code Ann., Lab. & Empl. § 3-507.2(b).

40. Defendant's willful violation of the MWPCL subjects it to civil penalties not to exceed $1,000.00. Md. Code Ann., Lab. & Empl § 3-508.

### COUNT II: BREACH OF CONTRACT
### AGAINST DEFENDANT REKOR

41. Plaintiff Aloke Chaudhuri realleges and incorporates by reference paragraphs 1 through 40 as if fully set forth herein.

42. Defendant agreed to pay Plaintiff an annual bonus up to thirty-five (35) percent of his base salary of $260,000.00 pursuant to the employment agreement.

43. Further, Defendant agreed that Plaintiff would be "entitled to any … bonus approved prior to termination" upon termination "for any reason."

44. Defendant also agreed to pay Plaintiff paid time off per his offer letter, which states: "You are eligible for paid vacation days in accordance with the policies of the Company in effect

from time to time."

45. Given Plaintiff's eligibility for paid time off as an executive, he was entitled to at least four weeks of vacation per year.

46. On January 15, 2023, Mr. Desharnais affirmed that Mr. Chaudhuri's approved annual bonus for his 2022 performance was $25,808.82, which was to be disbursed on March 31, 2023.

47. Defendant breached its employment agreement with Plaintiff in that it failed and refused to pay Plaintiff his approved bonus of $25,808.82 and $16,250.00 accrued paid time off as of the date of his termination on March 10, 2023 under the employment agreement between the parties.

48. Plaintiff has complied with and performed all obligations under the employment agreement. However, Defendant has failed and refused to live up to the agreement and has breached the agreement with Plaintiff.

49. As a proximate result of the breach of employment agreement by Defendant, Plaintiff has been damaged and has lost wages and compensation from services performed under the employment agreement.

50. WHEREFORE, Plaintiff demands judgment against Defendant Rekor in an amount to be determined in excess of $42,059.00, to include incidental and consequential damages together with interest.

## PRAYER FOR RELIEF

51. WHEREFORE, Plaintiff respectfully requests that this Court:

    A. Declare Defendant's conduct to be in violation of the MWPCL;

    B. Enjoin Defendant to comply with the MWPCL;

C.  Award to Plaintiff his unpaid wages against Defendant, including but not limited to the unpaid approved bonus of 25,808.82, plus treble damages under Maryland law;

D.  Award to Plaintiff his unpaid wages against Defendant, including but not limited to the unpaid accrued paid time off in the amount of $16,250.00, plus treble damages under Maryland law;

E.  Award to Plaintiff his costs and reasonable attorneys' fees incurred in this action;

F.  Enter judgment against Defendant for breach of contract;

G.  Award Plaintiff prejudgment and post-judgment interest as permitted by law; and

H.  Grant such other and further relief as the Court deems just and proper.

Dated: June 5, 2023                     Respectfully submitted,

                                        KALBIAN HAGERTY, LLP

                                        By  _/s/ Eric L. Siegel_____
                                        Eric L. Siegel (Bar No. 12805)
                                        888 17th Street, N.W., Suite 1000
                                        Washington, D.C. 20006
                                        (202) 419-3296 (Office)
                                        (202) 223-6625 (Facsimile)
                                        esiegel@kalbianhagerty.com

                                        *Attorney for Plaintiff Aloke Chaudhuri*


## DEMAND FOR JURY TRIAL

Plaintiff Aloke Chaudhuri respectfully demands a trial by jury.


                                        _/s/ Eric L. Siegel_____
                                        Eric L. Siegel

9